UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-4133 PA (RAOx) | Date | April 29, 2026 |
|---|---|---|---|
| Title | Smart Capital Investments I, LLC, et al. v. W.E.R.M. Investments, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        ORDER TO SHOW CAUSE

The Court is in receipt of a Notice of Removal filed by defendants W.E.R.M. Investments, LLC and Adi McAbian (collectively "Removing Defendants").  The Notice of Removal seeks to remove an action filed in Los Angeles County Superior Court by plaintiffs Smart Capital Investments I, LLC; Smart Capital Investments II, LLC; Smart Capital Investments III, LLC; Smart Capital Investments IV, LLC; Smart Capital Investments V, LLC; and Michael S. Chang (collectively, "Plaintiffs").  Removing Defendants assert that removal is authorized by 28 U.S.C. § 1452 because this action relates to a bankruptcy case filed by debtor Hawkeye Entertainment, LLC ("Debtor") pending in the United States Bankruptcy Court for the Central District of California, Case No. 1:23-bk-11501 MB (the "Bankruptcy Case").

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334.  Section 1334(b) vests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11."  Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court."  Id.  Section 1452(b)'s "'any equitable ground' remand standard is an unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . .  At bottom, the question is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-4133 PA (RAOx) | | Date | April 29, 2026 |
|---|---|---|---|---|
| Title | Smart Capital Investments I, LLC, et al. v. W.E.R.M. Investments, LLC, et al. | | | |

committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665–66 (Bankr. S.D. Cal. 2001) (citing W. Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 2 (E.D. Cal. 1988)). "Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand." Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 447 B.R. 302, 310 (C.D. Cal. 2010) (quoting In re Roman Catholic Bishop of San Diego, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007)).

The Court orders the parties to show cause in writing why it should not remand this action on equitable grounds pursuant to 28 U.S.C. § 1452(b). The parties' responses shall be filed by no later than May 13, 2026. Plaintiffs may, as an alternative to filing a response to the Order to Show Cause, file a Motion to Remand by that date raising additional grounds for remand.[1] Removing Defendants' failure to adequately respond to the Order to Show Cause by May 13, 2026 may, without further warning, result in the remand of this action to Los Angeles County Superior Court.

IT IS SO ORDERED.

---

[1] Any Motion to Remand must satisfy the meet-and-confer requirements of Local Rule 7-3.